# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTINE CRAMER,

    Plaintiff,

vs.                                   CASE NO. _____

SEPHORA USA, INC., a foreign corporation,
SIMON CAPITAL GROUP, L.P., a foreign corporation, d/b/a TYRONE SQUARE MALL, and J.C. PENNEY COMPANY, INC., a foreign corporation,

    Defendants.

_____/

## **DEFENDANT, SEPHORA USA, INC.'S, NOTICE OF REMOVAL**

Defendant, SEPHORA USA, INC. ("Sephora"), gives notice of removal to this Court of the case styled *Christine Cramer v. Sephora USA, Inc., et al.* in the Circuit Court in and for Pinellas County, Florida, Case No.: 21-003544-CI. As grounds for this removal, Sephora states the following:

## **FACTUAL BACKGROUND**

Plaintiff, Christine Cramer ("Plaintiff"), filed this negligence action in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, Case No. 21-003544-CI, against Sephora, Simon Capital Group, L.P. d/b/a Tyrone Square

Mall ("Tyrone Square Mall), J. C. Penney Company, Inc. ("J.C. Penney"), and Stephanie Laux on July 22, 2021.

In the Complaint, Plaintiff alleges that on or about January 17, 2018, she slipped and fell due to a foreign substance on the floor inside a Sephora "location" located within J. C. Penney's store at the Tyrone Square Mall property. Comp. ¶¶ 6, 13. Plaintiff alleges that Sephora, as well as the other defendants, negligently caused the fall. Compl. ¶ 18. As a result of the subject incident, Plaintiff alleges she has suffered "bodily injury and resulting pain and suffering, disability, disfigurement, aggravation of previously existing condition, mental anguish, loss of the capacity for the enjoyment of life, loss of earnings, loss of earning capacity, and…incurred medical and related expenses in the treatment of injuries." Compl. ¶ 18. Plaintiff also alleges that "[t]he injuries and losses are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future." Compl. ¶ 18. As to the exact amount of her damages, however, Plaintiff merely alleged that she is seeking damages in excess of $30,000.00. Compl. ¶ 1.

After being served with the Complaint, Sephora served Plaintiff with discovery to investigate Plaintiff's claims and prepare for trial. Plaintiff produced medical bills amounting to $153,205.71 in response to Sephora's First Request for Production. Additionally, Plaintiff is claiming $1,176.98 for the purchase of a new

2

mattress and $9,308.00 for the purchase and installation of a hot tub due to her alleged injuries. Thus, Plaintiff is seeking damages well in excess of $75,000.00.

Additionally, when this case was originally filed, Sephora could not remove the case to this Court because the parties were not diverse. Indeed, Defendant Laux (manager of the subject J. C. Penney store) is a citizen of, and domiciled in, the State of Florida. On March 4, 2022, however, Plaintiff's claim against Ms. Laux was dismissed with prejudice.[1] To accomplish the dismissal of Defendant Laux, J. C. Penney agreed not to remove this case to federal court. Plaintiff conditioning Defendant Laux's dismissal on J. C. Penney's agreement not to remove this case to federal court speaks volumes as to the reason that Plaintiff originally included Ms. Laux in this case. Regardless, as set forth below, the requirement for diversity jurisdiction has now been satisfied.

## STATEMENT OF GROUNDS FOR REMOVAL

**A.   The Parties are Diverse**

It is incumbent upon a party desiring to effect removal to provide "a short and plain statement of the grounds for removal" in its notice of removal. 28 U.S.C. § 1446(a). This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Removal of a state court action is permitted in actions between citizens of different

---

[1] A copy of the Complaint and the Order dismissing Count IV of the Complaint against Ms. Laux are attached hereto as Composite Exhibit "A."

3

states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Where the Complaint is insufficient to determine the citizenship of the parties, the Court may look to the defendant's Notice of Removal. *See Lewis v. AT&T Corp.*, 898 F.Supp. 907 (S.D. Fla. 1995). An individual is a citizen of the State in which he or she is domiciled. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011). Plaintiff is a citizen of Florida, as she is domiciled in Florida. *See* Compl. ¶ 2 and Plaintiff's Answers to Sephora's First Set of Interrogatories, attached as Exhibit "B."

A corporation is deemed a citizen of the state in which it is incorporated and in which its principal place of business is located for removal purposes. 28 U.S.C. § 1332(c). Sephora is a Michigan corporation with its principal place of business in California. Defendant J. C. Penney is a Delaware Corporation with its principal place of business in Texas.[2]

Plaintiff's Complaint alleges that the Tyrone Square Mall is a "foreign corporation." Compl. ¶ 4. Regardless, it should not be considered for purposes of removal because it has not yet been served with the Complaint. *See* 28 U.S.C. § 1441(b)(2) (stating that a case "otherwise removable solely on the basis of diversity of jurisdiction…may not be removed if any of the parties in interest properly *joined*

---

[2] While J. C. Penney is diverse, the Court need not consider J. C. Penney because of J. C. Penney's bankruptcy.

*and served* as defendants is a citizen of the State in which such action is brought.") (*Emphasis* added); *Lan Li v. Walsh*, 9:16-CV-81871-KAM, 2019 WL 12267185, at *3 (S.D. Fla. July 3, 2019) ("[T]he Court concludes that a served non-forum defendant may remove a case from state court, despite the fact that a forum defendant has been joined as a party but not yet served."); *North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263 (M.D. Fla. February 26, 2009) (removal by a non-forum defendant is proper when a forum defendant is joined but not properly served). Moreover, Tyrone Square Mall has not been properly served within one hundred twenty (120) days after the filing of the Complaint, as required by Florida Rule of Civil Procedure 1.070(j). *See also* Fla. R. Civ. P. 1.070(j).

### B. Plaintiff's Claimed Damages Exceed the Amount in Controversy Requirement.

Plaintiff's Complaint does not specify the amount in controversy. "Where a plaintiff fails to specify the total amount of damages demanded...a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002). Here, in response to Sephora's Request for Production, Plaintiff produced medical bills amounting to $153,205.71. Medical bills may be used as evidence in determining the amount in controversy for removal purposes. *See Hughley v. Lowe's Home Centers, LLC*, 21-22504-CIV, 2021 WL 5903301, at *2 (S.D. Fla. Dec. 14,

5

2021); *Norwood v. Tractor Supply Co., Inc.*, CV-11-S-3710-NE, 2012 WL 13026678, at *8 (N.D. Ala. Apr. 10, 2012). Additionally, Plaintiff is claiming that she suffered resulting pain and suffering, loss of the capacity for the enjoyment of life, loss of earnings, and loss of earning capacity. Compl. ¶ 18. Finally, Plaintiff has produced a $1,176.98 invoice for the purchase of a new mattress and a $9,308.00 invoice for the purchase and installation of a hot tub allegedly necessary because of her injuries. Consequently, Sephora has satisfied the amount in controversy requirement.

### C. Consent.

<u>Consent Generally</u>

Generally, in a case involving multiple defendants, each defendant must consent to removal. *In re Bethesda Mem'l Hosp.*, 123 F.3d 1407, 1410 (11th Cir.1997) ("The failure to join all defendants in the petition is a defect in the removal procedure").  However, a removing defendant need not obtain the consent: (1) of a defendant who has not yet been served with process; (2) of a formal or nominal defendant; (3) of a defendant who has been fraudulently joined; and (4) where, as provided in Title 28, United States Code, Section 1441(c), the case involves at least one "separate and independent" claim asserting a federal question. *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1299–300 (N.D. Fla. 2004). *See Dickinson v. Hoyt*, 3:16-CV-69, 2016 WL 9308532, at *1 (N.D. Fla. May 11, 2016) ("The rule

of unanimity does not require the defendant seeking removal to obtain the consent of defendants not yet served."); *Liebig v. DeJoy*, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993) (Exceptions to the rule of unanimity where additional defendants are "purely nominal or formal" or where the additional defendants have not yet been served).

A "nominal party" is neither necessary nor indispensable, and is not required to join in the petition for removal." *Diebel v. S.B. Trucking Co.*, 262 F.Supp.2d 1319, 1329 (M.D.Fla.2003); *Smith v. Health Ctr. of Lake City*, 252 F.Supp.2d 1336, 1339 n. 5 (M.D.Fla.2003); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N.A.*, 427 F.2d 325, 327 (5th Cir.1970)). "The ultimate test of whether the...defendants are...indispensable parties...is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Smith*, 252 F.Supp.2d 1336, 1339 n. 5.

<u>J. C. Penney's Consent is not Required Because it is a Nominal Party</u>

J. C. Penney's consent to removal is not required because it is a nominal party.[3] On May 15, 2020, J. C. Penney declared bankruptcy. *See* the Amended Order Approving the Disclosure Statement For, and Confirming, the Amended Joint

---

[3] Though irrelevant to this removal, J. C. Penney did not necessarily agree to object to removal, but rather simply to not remove the case itself.

Chapter 11 Plan of Reorganization Of J.C. Penney Company, Inc. and Its Debtor Affiliates attached to the Notice of Permanent Injunction and Discharge filed by J.C. Penney on August 20, 2021, attached as Exhibit "C." J. C. Penney is a nominal party as the U.S. Bankruptcy Court for the Southern District of Texas has permanently enjoined Plaintiff from pursuing this claim against J.C. Penney outside of the claims reconciliation process administered by the Bankruptcy Court, pursuant to the discharge injunction entered by the Bankruptcy Court in accordance with 11 U.S.C. § 524(a)(2). *See* Exhibit "C;" 11 U.S.C. § 524(a)(2) ("A discharge in a case under this title… operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.")

The Bankruptcy Court entered an Order confirming J. C. Penney's Plan of Reorganization on December 16, 2021. *See* Exhibit "C." The Reorganization Plan went into effect on January 30, 2021. *See* Exhibit "C." Pursuant to the Bankruptcy's Court's Order confirming the Reorganization Plan, "any claim, interest, or cause of action" against J. C. Penney that arose prior to January 30, 2021, whether known or unknown, is permanently enjoined. *See* Exhibit "C." Thus, the automatic stay that applied during the pendency of the Bankruptcy Court case was replaced by a discharge injunction in accordance with 11 U.S.C § 524(a)(2). *See* Exhibit "C." No

order has been entered by the Bankruptcy Court setting aside the discharge injunction, and J. C. Penney's assets are controlled by the Bankruptcy Court and the Plan of Reorganization approved by the Bankruptcy Court. Accordingly, the discharge injunction has permanently enjoined Plaintiff from pursuing this claim against J.C. Penney outside of the claims reconciliation process administered by the Bankruptcy Court.  Consequently, J. C. Penney requested that the state court terminate this case against J. C. Penney. *See* Exhibit "C."

Therefore, J. C. Penney is a nominal party and its consent to removal is not required. *See Kline v. Foster*, CV 20-2853, 2021 WL 389498, at *3 (E.D. La. Feb. 4, 2021) ("Although there is admittedly limited legal authority on the subject, courts have concluded that a bankrupt defendant has no real interest in the outcome of the action and the bankruptcy stay precludes any plaintiff from pursuing a claim against said defendant. Accordingly, it is unnecessary for a bankrupt party to join in the removal because the bankruptcy stay…."…"A bankrupt defendant cannot be said to be properly joined under 28 U.S.C. § 1446(b)(2)(A) because that action cannot be pursued against it unless the Plaintiff prays for relief from the bankruptcy court."); *Wallis v. S. Silo Co., Inc.*, 369 F. Supp. 92, 97 (N.D. Miss. 1973) (bankrupt corporation did not need to consent to removal because its assets were under control of bankruptcy court and "[f]rom a realistic standpoint…as a bankrupt corporation, [it] had no real interest in the outcome" of the action."); *Rigney v. Midcon Offshore,*

*Inc.*, CIV. A. 97-3579, 1997 WL 795694, at *1 (E.D. La. Dec. 29, 1997) ("A defendant against whom all actions are automatically stayed because of its pending petition for relief in bankruptcy is not properly joined, since the action cannot be pursued against it absent relief from the bankruptcy court. Further,…a party seeking bankruptcy relief… has no real interest in the outcome of the case, as its assets are under the control of the bankruptcy court."); *PNC Equip. Fin., LLC v. USA Wheel Tech., Inc.*, 1:11CV199, 2012 WL 441172, at *1 (S.D. Ohio Feb. 10, 2012) ("[W]here a non-joining defendant is bankrupt, courts have found that an exception is to be made to the rule of unanimity").

<u>The Tyrone Square Mall's Consent is not Required Because it has not Been Served.</u>

As noted above, the Tyrone Square Mall has not been served. Consequently, the Tyrone Square Mall's consent to removal is not required as it has not been properly served. *Dickinson v. Hoyt*, 3:16-CV-69, 2016 WL 9308532, at *1 (N.D. Fla. May 11, 2016) (stating that the general rule of unanimity does not require a removing defendant to obtain the consent of a defendant not properly served); *Gay v. Fluellen*, No. 806-CV-2382T-30MSS, 2007 WL 676219, at *1 (M.D. Fla. Mar. 1, 2007) ("There are exceptions to the requirement that all defendants consent to removal: (1) the non-consenting defendants had not been served with process at the time the notice of removal was filed….").

**PROCEDURAL MATTERS**

Venue properly rests in the Tampa Division of the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. Section 1441(a) and Local Rule 1.06, Rules of the United States District of Florida, since this action is being removed from the state court wherein it was originally filed in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.  Contemporaneously with this filing, Sephora is filing all of the pleadings from this action that were filed in state court.  There are no pending motions.  Sephora represents that it will file with the Clerk of the Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida a Notice of Filing Notice of Removal pursuant to 28 U.S.C. Section 1446(d), and will give written notice thereof to all adverse parties.  A copy of said Notice is attached hereto as Exhibit "D."  Finally, this Notice of Removal has been timely filed by Sephora pursuant to 28 U.S.C. Section 1446(b), as it has been filed timely within thirty (30) days of service of the Order dismissing Count IV of the Complaint against Stephanie Laux.

WHEREFORE, Defendant SEPHORA USA, INC., respectfully requests this Court assume jurisdiction of the above-described action now pending in the Sixth Judicial Circuit, in and for Pinellas County, Florida, pursuant to 28 U.S.C. sections 1332 and 1441.

16407581.v1

Respectfully submitted,

/s Chase E. Hattaway
CHASE E. HATTAWAY
Florida Bar No.: 0085951
E-mail: chattaway@rumberger.com
MICHAEL A. TESSITORE II
Florida Bar No.: 1018986
E-Mail: mtessitore@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
300 South Orange Avenue
Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133
Attorneys for Sephora USA, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served the foregoing via e-mail to the following:

| Omar F. Medina, Esquire<br>MEDINA LAW FIRM<br>305 South Magnolia Avenue<br>Tampa, Florida 33606<br>Email:omedina@medinalawfirm.com<br>(Counsel for Plaintiff) | Jonathan E. Szabo, Esquire<br>ADAMS COOGLER, P.A.<br>1555 Palm Beach Lakes, Blvd., Ste. 1600<br>West Palm Beach, FL 33401-2329<br>jszabo@adamscoolger.com<br>anelson@adamscoogler.com<br>(Counsel for J.C. Penney) |
|---|---|

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  **NONE**

/s Chase E. Hattaway
CHASE E. HATTAWAY
Florida Bar No.: 0085951
E-mail:  chattaway@rumberger.com
MICHAEL A. TESSITORE II
Florida Bar No.: 1018986
E-Mail: mtessitore@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
300 South Orange Avenue
Suite 1400
Orlando, Florida 32801
Tel:  407.872.7300
Fax:  407.841.2133
Attorneys for Sephora USA, Inc.