Filing # 131246362 E-Filed 07/22/2021 05:17:21 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

**CHRISTINE CRAMER,**                                   **CASE NO.:**

      **Plaintiff,**

**v.**

**SEPHORA USA, INC., a foreign corporation,**
**SIMON CAPITAL GROUP, L.P., a foreign corporation,**
**d/b/a TYRONE SQUARE MALL,**
**JCPENNEY COMPANY, INC., a foreign corporation, and**
**STEPHANIE LAUX,**

      **Defendants.**

_____/

**COMPLAINT**

    **COMES NOW** the Plaintiff, CHRISTINE CRAMER, by and through her undersigned attorney, and hereby sues the Defendants, SEPHORA USA, INC., a foreign corporation, (hereinafter SEPHORA), SIMON CAPITAL GROUP, a foreign corporation, d/b/a TYRONE SQUARE MALL, JCPENNEY COMPANY, INC., a foreign corporation, and STEPHANIE LAUX, and alleges as follows:

**GENERAL ALLEGATIONS**

    1.    That this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00).

    2.    That at all times pertinent to this action, the Plaintiff, CHRISTINE CRAMER, was a resident of Pinellas County Florida.

    3.    That the cause of action alleged herein occurred at SEPHORA store located within Defendant JCPENNEY COMPANY, INC.'s (hereinafter JCPENNEY) premises that was located

***ELECTRONICALLY FILED 07/22/2021 05:17:18 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

within property owned and operated by Defendant SIMON CAPITAL GROUP d/b/a TYRONE SQUARE MALL in Pinellas County, Florida.

4.      That at all times pertinent to this action, all Defendants, SEPHORA USA, INC, a foreign corporation, SIMON CAPITAL GROUP, a foreign corporation d/b/a TYRONE SQUARE MALL and JCPENNEY COMPANY, INC., a foreign corporation, were and are foreign for-profit corporations, operating businesses located at the TYRONE SQUARE MALL property, in Pinellas County Florida.

5.      That the Defendant, SEPHORA, was responsible directly or through its agents, servants or employees for ongoing operations, maintenance, service and upkeep of the SEPHORA store located at TYRONE SQUARE MALL in Pinellas County, Florida. The property was open to the general public and both advertised and marketed in the business of selling makeup and skin care products to the public specifically targeting individuals such as Plaintiff, CHRISTINE CRAMER.

6.      That on or about January 17, 2018, the Plaintiff, CHRISTINE CRAMER, was a business invitee of Defendants SEPHORA and JCPENNEY at the TYRONE SQUARE MALL. Property.

7.      At all times material hereto, SIMON CAPITAL GROUP owned and operated the TYRONE SQUARE MALL and was responsible for the leasing maintenance and service of the premises.

8.      At all times material hereto, the Plaintiff, CHRISTINE CRAMER, was a business invitee/customer of the Defendants and at all times she was lawfully on the premises.

9.      That at all times material hereto defendant JCPENNEY leased the premises located at the TYRONE SQUARE MALL operating a retail store in the business of selling amongst other things makeup and skin care products as well as clothing furniture and home goods.

10.     Upon information and belief, Defendant JCPENNEY leased retail space to defendant

SEPHORA within the JCPENNEY premises and was responsible to ensure that its leasees/tenants provided a safe and hazard free environment for its business invitee customers free from latent dangers and hazards.

11.     That Defendant SEPHORA was operating a for-profit business and was responsible for maintaining the premises leased from Defendant JCPENNEY and to provide a safe and hazard free environment for its business invitee customers free from latent dangers and hazards.

12.     That at all times material hereto defendant TYRONE SQUARE MALL owned and operated a mall developed solely to entice business invitees such as Plaintiff, CHRISTINE CRAMER, to peruse and shop at its stores and restaurants soliciting sales transactions and at all times material hereto upon information and belief provided maintenance services for its tenants including Defendants JCPENNEY and SEPHORA.

13.     That on or about January 17, 2018, maintenance personnel of the Defendants arrived at the SEPHORA location located within Defendant JCPENNEY's store and noticed a foreign substance on the floor but failed to properly identify the entire area of danger that created a hazard for its business invitees thereby allowing the Plaintiff to slip and fall injuring her back, neck, head and shoulder.

14.     Defendants owed a duty to Plaintiff, CHRISTINE CRAMER, to provide her with a safe and reasonably danger free shopping area and to ensure that there were no latent dangers that would impact CHRISTINE CRAMER's safety and well-being.  Additionally, the Defendants owed a duty to CHRISTINE CRAMER to timely remedy, protect and/or warn of dangerous conditions that are or were created by the Defendant or known or should have been known by the Defendants.

## COUNT I
## NEGLIGENCE AS TO DEFENDANT SEPHORA

15.     Plaintiff, CHRISTINE CRAMER, adopts and re-alleges each and every allegation in paragraphs 1 through 14, above, as though fully set forth herein.

16.     The location of the fall was in an area that the Defendant, SEPHORA, knew or should have known would be regularly traversed by its business invitees.  The Defendant, SEPHORA, was negligent in allowing the condition to exist and even more so it covered up the condition, so it was not readily detectable by its business invitee guests.  Additionally, the Defendant was negligent in failing to warn of the danger and in failing to protect people such as Plaintiff, CHRISTINE CRAMER, from encountering the dangerous condition.

17.     Defendant, SEPHORA, violated its duty and was negligent as follows:

a.      Failing to discover and remedy the unreasonably dangerous or hazardous condition through reasonable care, inspection and maintenance;

b.      Failing to remedy said dangerous condition despite having actual or constructive knowledge of said condition;

c.      Failing to correct the dangerous condition that they knew or should have known posed a danger to others;

d.      Failure to warn patrons and specifically the Plaintiff of said unreasonably dangerous condition; and

e.      Failing to act reasonable under all the circumstances.

18.     As a direct and proximate result of the above negligence of the Defendant SEPHORA, Plaintiff, CHRISTINE CRAMER, suffered bodily injury and resulting pain and suffering, disability, disfigurement, aggravation of a previously existing condition, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of earning capacity and she has incurred medical and related expenses in the treatment of injuries. The injuries and losses are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against the Defendant, SEPHORA, inclusive of interest, cost and such further relief as is deemed proper by this Court.

## COUNT II
## NEGLIGENCE AS TO DEFENDANT JCPENNEY

19.     Plaintiff, CHRISTINE CRAMER, adopts and re-alleges each and every allegation in paragraphs 1 through 14, above, as though fully set forth herein.

20.     The location of the fall was in an area that the Defendant, JCPENNEY, knew or should have known that there would be regularly traversed by its business invitees.  The Defendant, JCPENNEY, was negligent in allowing the condition to exist and even more so it covered up the condition, so it was not readily detectable by its business invitee guests. Additionally, the Defendant was negligent in failing to warn of the danger and in failing to protect people such as Plaintiff, CHRISTINE CRAMER, from encountering the dangerous condition.

21.     Defendant, JCPENNEY, owed a duty to its business invitee customers to provide a safe and hazard free shopping environment. Additionally, As the lessor of the property that it leased to Defendant SEPHORA, Defendant, JCPENNEY, owed a duty to provide, a safe and hazard free environment free of any hazards or defects.  Defendant, JCPENNEY, violated its duty owed to the Plaintiff, CHRISTINE CRAMER, and was negligent in one or more but not limited to the following:

a.     Failing to discover and remedy the unreasonably dangerous or hazardous condition through reasonable care, inspection and maintenance;

b.     Failing to remedy said dangerous condition despite having actual or constructive knowledge of said condition;

c.     Failing to correct the dangerous condition that they knew or should have known posed a danger to others;

d.     Failure to warn patrons and specifically the Plaintiff of said unreasonably dangerous condition; and

e.     Failing to act reasonable under all the circumstances.

22.     As a direct and proximate result of the above negligence of the Defendant JCPENNEY, Plaintiff, CHRISTINE CRAMER, suffered bodily injury and resulting pain and suffering, disability, disfigurement, aggravation of a previously existing condition, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of earning capacity and she has incurred medical and related expenses in the treatment of injuries. The injuries and losses are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against the Defendant, SEPHORA, inclusive of interest, cost and such further relief as is deemed proper by this Court.

<u>**COUNT III**</u>
<u>**NEGLIGENCE AS TO DEFENDANT TYRONE SQUARE MALL**</u>

23.     Plaintiff, CHRISTINE CRAMER, adopts and re-alleges each and every allegation in paragraphs 1 through 14, above, as though fully set forth herein.

24.     The location of the fall was in an area that the Defendant, TYRONE SQUARE MALL, as the owner of the property that it leased to defendant Sephora, knew or should have known that business invitee customers would be regularly traversing its premises.

25.     The Defendant, TYRONE SQUARE MALL, was negligent in allowing a dangerous condition to exist and even more so it covered up the condition, so it was not readily detectable by its business invitee guests. Additionally, the defendant was negligent in failing to warn of the danger and in failing to protect people such as Plaintiff, CHRISTINE CRAMER, from encountering the dangerous condition.

26.     Defendant, TYRONE SQUARE MALL, owed a duty to its business invitee customers to provide a safe and hazard free shopping environment. Defendant, TYRONE SQUARE MALL violated its duty owed to the plaintiff and was negligent in one or more but not limited to the following:

       a.     Failing to discover and remedy the unreasonably dangerous or hazardous

condition through reasonable care, inspection and maintenance;

b.    Failing to remedy said dangerous condition despite having actual or constructive knowledge of said condition;

c.    Failing to correct the dangerous condition that they knew or should have known posed a danger to others;

d.    Failure to warn patrons and specifically the Plaintiff, of said unreasonably dangerous condition; and

e.    Failing to act reasonable under all the circumstances.

27.    As a direct and proximate result of the above negligence of the Defendant TYRONE SQUARE MALL, Plaintiff, CHRISTINE CRAMER, suffered bodily injury and resulting pain and suffering, disability, disfigurement, aggravation of a previously existing condition, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of earning capacity and she has incurred medical and related expenses in the treatment of injuries. The injuries and losses are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against the Defendant, SEPHORA, inclusive of interest, cost and such further relief as is deemed proper by this Court.

## COUNT IV
## NEGLIGENCE AS TO DEFENDANT STEPHANIE LAUX

28.    Plaintiff, CHRISTINE CRAMER, adopts and re-alleges each and every allegation in paragraphs 1 through 14, above, as though fully set forth herein.

29.    That all times material hereto Defendant, STEPHANIE LAUX, upon information and belief was and is a resident of Pinellas County, Florida.

30.    At all times material hereto Defendant, STEPHANIE LAUX, was aware of the dangerous condition that existed and failed to take steps to protect her customers.  Defendant, STEPHANIE LAUX, knew that the condition was unsafe and posed a hazard to customers and the

general public and failed to properly rectify and cure the hazard or notify the Plaintiff of the potential hazard.

31.     The Defendant, STEPHANIE LAUX, was negligent in allowing the condition to exist.  Additionally, the Defendant was negligent in failing to warn of the danger and failing to protect people such as the Plaintiff, CHRISTINE CRAMER, from encountering the dangerous condition.

32.     Defendant, STEPHANIE LAUX, owed a duty to customers and business invitees of Sephora to provide a safe and danger free environment to its customers and violated her duty violated its duty owed to the Plaintiff and was negligent in one or more but not limited to the following:

a.     Failing to discover and remedy the unreasonably dangerous or hazardous condition through reasonable care, inspection and maintenance;

b.     Failing to remedy said dangerous condition despite having actual or constructive knowledge of said condition;

c.     Failing to correct the dangerous condition that they knew or should have known posed a danger to others;

d.     Failure to warn patrons and specifically the Plaintiff of said unreasonably dangerous condition; and

e.     Failing to properly repair a known dangerous condition.

33.     As a direct and proximate result of the above negligence of the Defendant, STEPHANIE LAUX, the Plaintiff, CHRISTINE CRAMER, suffered bodily injury and resulting pain and suffering, disability, disfigurement, aggravation of a previously existing condition, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of earning capacity and she has incurred medical and related expenses in the treatment of injuries.  The injuries and losses are

either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against the Defendant, STEPHANIE LAUX, inclusive of interest, cost and such further relief as is deemed proper by this court.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff herein demands trial by jury on all issues triable by right by jury

Dated this the 21st day of July, 2021.

Respectfully submitted,

*/s/ Omar F. Medina*

_____

OMAR F. MEDINA, ESQUIRE
Florida Bar No.:  0789860
MEDINA LAW FIRM
305 South Magnolia Avenue
Tampa, Florida   33606
Telephone:     813-258-5838
Facsimile:     813-258-2988
Email:  omedina@medinalawfirm.com
Attorney for Plaintiff