**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTNE CRAMER,**

**Plaintiff,** **CASE NO.: 8:22-cv-00653-TPB-AAS**

**v.**

**SEPHORA USA, INC., a foreign corporation,**
**SIMON CAPITAL GROUP, L.P., a foreign corporation,**
**dba TYRONE SQUARE MALL,**
**JCPENNEY COMPANY, INC., a foreigh corporation,**

**Defendants.19-4019**

_______________________________________/

**PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL AND**

**COMES NOW** the Plaintiff, CHRISTINE CRAMER, by and through her undersigned attorneys and hereby moves this court for an order vacating its border of dismissal for failure to appear at the case management conference and for an order remanding this matter back to the state court based upon fraud upon the court by the defendant Sephora and for rule 11 sanctions and in support thereof would state:

1. This matter was removed upon notice by the defendant Sephora on March 21, 2022, alleging that there was a diversity of citizenship and therefore jurisdiction of this court was proper pursuant to 28 U.S.C. 14446(d). The removal of this case was improper the court was not notified of all parties and what had occurred already at the state court level.

2. defendant Sephora neglected to notify the court that there was another defendant SIMON CAPITAL GROUP, L.P. who had not been notified of the intent for removal who had not consented to the removal and furthermore that the plaintiff was working with national

counsel for Simon properties to move to enter an appearance and file a responsive pleading. Have obtained a default in exact plaintiff was attempting to locate counsel for Simon properties because of this cooperative atmosphere the default had yet to be entered as early favor to Simon Property. In the interim defendant Sephora, without contacting undersigned counsel or counsel for Simon properties moved for removal without proper notification to this court of all the interested parties.

3. Defendant Simon Capital does not consent to removal.

4. Additionally diversity does not exist. This matter previously had a manager for Sephora/JCPenney as a named defendant. Undersigned counsel was advised by counsel for JCPenney that the individual named was not the manager on the dating question. Accordingly undersigned counsel agreed to dismiss the individual pending notification of the name of the appropriate manager and that no action be taken to remove this matter in the interim. Plaintiff had entered into an agreement with defendant JCPenney counsel, Jonathan Szabo, dismissing the erroneously named prior defendant because she was not the proper defendant and not working at the time of the incident in question. The plaintiff and counsel for JCPenney had an agreement to substitute the proper manager when this removal was filed. The proper manager will be added as a defendant and will defeat diversity. Counsel for Sephora claims to be unaware of these facts if that is the case is because they did not contact either undersigned counsel or counsel for JCPenney who would have advised him that he knew manager was going to be named and as such there would be no diversity.

5. For the reasons set forth above paragraph four counsel for the plaintiff was working in cooperation with counsel for JCPenney to have a properly named parties and also to obtain the proper maintenance company who serviced the property at the time of the incident

without the necessity of involving the courts. Counsel for the plaintiff was acting pursuant to the rules of professionalism to resolve matters cooperatively between counsel. It appears that in this matter, plaintiff has been irreparably damaged by the actions of counsel by improperly removing this matter and additionally plaintiff counsel was not properly notified of the case management conference.

6. Additionally undersigned counsel had properly notified the court and counsel of the appropriate email addresses to use however inexplicably the clerk of this court sent notices to email addresses that do not exist and have not existed as part of the plaintiff's counsel's law firm for more than 10 years. The more significant importance is the fact that counsel for the plaintiff has had difficulty with the pacer system as an as late as today June 14, 2022, at 5:07 pm. Undersigned counsel was not receiving emails from the pacer/ECF system and had to contact the pacer representative and was told that undersigned counsel's account was deactivated for lack of use and had been deactivated for years. The deactivation could have been one of the possible reasons why undersigned counsel did not receive the notice of the case management conference. Additionally, an upgrade of the ECF filing system had not been performed counsel had to upgrade this account to the NEXTGEN system.

7. Because of the above referenced difficulties undersigned counsel did not receive the appropriate notice for the case management hearing. There was no communication from counsel for defendant Sephora of the case management hearing and no staff member of Medina Law firm was noticed regarding the case management hearing. Additionally, counsel for Sephora counsel for the plaintiff had been cooperating and working together and all necessary filings that the court requires had been performed in the case was proceeding in an orderly fashion to its logical determination by the court.

8. Counsel for plaintiff have been working on a motion for remand and as required was in contact with counsel for Sephora and had been making substantial efforts to obtain the information for the counsel for Simon properties.

9. The plaintiff herself should not be punished for this electronic error and none of the attorneys in this case have been failing to complete or remove the case as is required and in fact all the parties have been cooperating on discovery until the court entered its order of dismissal. The punishment of a dismissal and closing of the case is prejudicial to the plaintiff and seems harsh to the plaintiff. On the date of the was undergoing a medical procedure. Counsel for the defendant Sephora advised that they would gladly have contacted me since they did undersigned counsels cell phone, but the court did not grant defense counsel for Sephora an opportunity to do so and *sua sponte* dismissed the case.

10. Undersigned counsel has attached his affidavit attesting to the facts set forth in this motion.

**MEMORANDUM OF LAW**

A party seeking relief from a dismissal for failure to attend the hearing one must look for the reasoning given by the rules for vacating an order of default. In order to lift a motion for default Federal Rule of Civil Procedure 55(b) which provides that the "the court may set aside an entry for good cause, and it may set aside a default under rule 60 (b)". Federal Rules of Civil Procedure 60 (b) holds in pertinent part as follows: Federal Rules of Civil Procedure 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect….

The court should take into consideration whether the moving party demonstrated, *inter alia* "(1) excusable neglect for not attending, (2) due diligence in responding after the entry of the order. Federal courts have consistently held that If the movant shows good cause or excusable neglect, acts promptly, has a meritorious defense, and setting aside the default will not unduly prejudice the nonmoving party, *Boron v. West Texas Exports, inc., 680 F.Supp. 1532, 1536 (S.D.Fla.1988),* courts are normally liberal in setting aside or vacating judgments (and as in here dismissals) " *Medunic v. Lederer, 533 F.2d 891, 893 (3rd Cir.1976); Ins. Co. of N. Am. v. Morrison, 154 F.R.D. 278, 279-80 (M.D. Fla. 1994).*

Excusable neglect has also been found simply where inaction results from ... reasonable misunderstanding ... or any other of the foibles to which human nature is heir, [in which case] upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits. *Somero v. Hendry Gen. Hosp.,* 467 So.2d 1103, 1106 (Fla. 4th DCA 1985).

It has been long established precedence in both Florida state court and Federal districts that when a party has made a sufficient showing of excusable neglect and that it acted with due diligence and swiftly in moving to vacate the order of dismissal, as argued above courts favor setting aside the default and having cases decided by trial of the merits. *Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So. 2d 83 (Fla. 3d DCA 1987) Mercury Marine Indus. v. Dillon, 779 So. 2d 356 (Fla. 2d DCA 2000).*

Based on the foregoing, the plaintiff through her counsel has established excusable neglect, acted with due diligence, and demonstrated valid reasoning for failing to appear at the hearing as the courts have held is one of the foibles of human existence that these things occur in a plaintiff should not be irreparably damaged. Therefore, in accordance with the well-settled law, the

dismissal previously entered should be set aside so that this case can be resolved on its merits and reinstitute this case for proper resolution on the merits either in this Court or state court.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner on this the 15 day of June, 2022, upon the following attorney(s): Jonathan E. Szabo, Esquire, Adams Coogler, jszabo@adamscoogler.com and anelson@adamscoogler.com; Chase E. Hattaway, Esquire, and Michael A. Tessitore, II, Esquire, Rumberger, Kirk & Caldwell, P.A., chattaway@rumberger.com, chattawaysecy@rumberger.com, mtessitore@rumberger.com, mtessitoresecy@rumberger.com and docketingorlando@rumberger.com.

Respectfully submitted,

OMAR F. MEDINA, ESQUIRE
Florida Bar No.: 0789860
Medina Law Firm
305 S. Magnolia Avenue
Tampa, Florida 33606
Telephone: (813) 258-5838
Facsimile: (813) 258-2988
Email: omedina@medinalawfirm.com
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTNE CRAMER,
Plaintiff,

CASE NO.: 8:22-cv-00653-TPB-AAS

v.

SEPHORA USA, INC., a foreign corporation,
SIMON CAPITAL GROUP, L.P., a foreign corporation,
dba TYRONE SQUARE MALL,
JCPENNEY COMPANY, INC., a foreigh corporation,
Defendants.

_______________________________________/

STATE OF Florida
COUNTY OF Hillsborough

OMAR F. MEDINA, being duly sworn, deposes and says:

1. I am writing this affidavit in support of the plaintiff's motion to vacate Order of dismissal entered May 25, 2022. I am a counsel of record in this matter r and an experienced trial attorney having been admitted to practice in ten federal districts, two Federal District Court of Appeal and eight state courts as well have three District Court of Appeal in Florida and one in California. The list of the undersigned's admissions is attached hereto as Exhibit 1.

2. The undersigned affiant failed to meet in the case management conference because I did not receive the appropriate notice of the hearing. Moreover, there was no communication received regarding the hearing. Counsel investigated why no notice was received and was able to determine that despite having notified the court and opposing counsel of the appropriate email addresses inexplicably the clerk of this court sent notices to email addresses that do not exist and have not existed as part of the plaintiff's counsel's law firm for more than 10 years.

EXHIBIT
tabbies
1

Prior to this hearing I was advised that our firm had difficulty with the pacer system in my paralegal was having difficulty getting to the root of the problem. As late as today June 14, 2022, at 5:07 pm. I was not getting emails from the pacer/ECF system and had to contact the pacer representative and was told that my account was deactivated for lack of use and had been deactivated for years thereby creating one of the possible reasons why we did not receive the notice of the case management conference. Additionally, an upgrade of the ECF filing system had not been performed and I had to upgrade this account to the NEXTGEN system.

Because of the above referenced difficulties undersigned counsel did not receive the appropriate notice for the case management hearing. There was no communication from counsel for defendant Sephora of the case management hearing and no staff member of Medina Law firm was noticed regarding the case management hearing. Additionally, counsel for Sephora counsel for the plaintiff had been cooperating and working together and all necessary filings that the court requires had been performed in the case was proceeding in an orderly fashion to its logical determination by the court.5.

WHEREFORE, I respectfully request that the court grant the relief requested in vacate the order of dismissal.

Omar F. Medina, Esq.

Sworn to before me this
15th day of June 2022

Notary Public

CHRISTINA RIOS
Notary Public
State of Florida
Comm# HH106585
Expires 3/21/2025