# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTINE CRAMER,

       Plaintiff,

v.                                      Case No. 8:22-cv-653-WFJ-AAS

SEPHORA USA, INC., a foreign corporation;
SIMON CAPITAL GP, a foreign corporation;
d/b/a Tyrone Square Mall; JCPENNEY
COMPANY, INC., a foreign corporation;
and ZAHIR KARIM.

       Defendants.

_____/

## ORDER

Before the Court is Plaintiff Christine Cramer's Motion to Remand pursuant to 28 U.S.C. § 1447. Dkt. 68. Defendant Sephora USA, Inc. ("Sephora") has responded in opposition. Dkt. 69. Upon careful review, the Court denies Plaintiff's Motion.

## BACKGROUND

Plaintiff initially filed this negligence action on July 22, 2021, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.[1] Dkt. 1-1.

---

[1] Plaintiff's Pinellas County case was styled as *Cramer v. Sephora USA, Inc.*, No. 21-3544-CI.

Plaintiff's negligence claims stem from a 2018 slip-and-fall incident at a Sephora retail location within a JCPenney department store at Tyrone Square Mall in Pinellas County. *Id.* at 1−3. Plaintiff brought her state court complaint against Sephora, JCPenney Company, Inc. ("JCPenney"), a JCPenney manager and Florida resident named Stephanie Laux, and "Simon Capital Group, L.P.," which Plaintiff stated was the corporate name of Tyrone Square Mall. *Id.* at 1. Sephora answered the complaint, Dkt. 1-6, JCPenney filed a notice of permanent injunction and discharge based on its bankruptcy, Dkt. 1-8 at 82, and Laux filed a motion to dismiss, *id.* at 68. Simon Capital Group, L.P. was not served and did not appear.

In March 2022, Laux was dismissed from the action, *see* Dkt. 1-1 at 10, prompting Sephora to remove the case to this Court based on diversity jurisdiction, Dkt. 1. Seven months later, Plaintiff moved to remand based, in part, on Sephora's supposed failure to obtain Simon Capital Group, L.P.'s consent to removal. Dkt. 27. The Court denied the motion, explaining that Simon Capital Group, L.P. was not a party to the suit, as it had never been served. Dkt. 36. Plaintiff thereafter moved to amend her complaint, explaining that "the appropriate name of the [Tyrone Square Mall] defendant should be Simon GP." Dkt. 47 at 1. The Court granted Plaintiff's motion. Dkt. 48.

On January 4, 2023, Plaintiff filed an amended complaint against Sephora, JCPenney, "Simon GP, L.P.," and, for the first time, a JCPenney employee and

Florida resident named Zahir Karim.[2] Dkt. 51. On March 14, 2023, the Court

ordered Plaintiff to file proof of service concerning Simon GP, L.P. Dkt. 53. The

following day, Plaintiff again moved to correct Tyrone Square Mall's corporate

name in her pleading. Dkt. 54. With the Court's leave, Plaintiff corrected her

amended complaint to replace Simon GP, L.P. with "Simon Capital GP." Dkt. 57.

It was after this correction that Plaintiff properly served Simon Capital GP. Dkt.

58. Nearly one year later, on May 23, 2023, Plaintiff filed her second Motion to

Remand. Dkt. 68.

## DISCUSSION

In her present motion, Plaintiff contends that her case must be remanded to

the Circuit Court of the Sixth Judicial Circuit due to Sephora's purported failure to

obtain Simon Capital GP's consent to removal pursuant to 28 U.S.C. §

1446(b)(2)(A). Dkt. 68. The Court disagrees.

Consent to removal is only required of defendants who are properly served

and joined at the time of removal. *See Johnson v. Wellborn*, 418 F. App'x 809, 815

(11th Cir. 2011) (stating that the consent requirement "does not require consent of

defendants who have not been properly served"). As the Eleventh Circuit

---

[2] Notably, Zahir Karim has not been served in this action. And as the Court previously stated in response to Plaintiff's stated intention of impleading Karim, *see* Dkt. 27, "[i]t appears clear that the statute of limitations has run on such a claim," and "impleading such a person (even if possible) would be purely for the strategic reason of avoiding otherwise appropriate diversity jurisdiction." Dkt. 36.

explained in *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008), "[a] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process." Here, Simon Capital GP was properly served on March 17, 2023, over one year after Plaintiff's case was removed to this Court on March 21, 2022. *See* Dkt. 58. Given that Simon Capital GP had not received formal service of judicial process at the time of this case's removal, its consent to removal was not required.

And even if Simon Capital GP's consent to removal was required, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Plaintiff's 30-day deadline to file her present motion to remand—which is not based on a lack of subject matter jurisdiction—expired in April 2022. Thus, her motion is well out of time.

**CONCLUSION**

Accordingly, Plaintiff's Motion to Remand, Dkt. 68, is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on June 15, 2023.

*/s/ William F. Jung*          
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record